IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALPHONCY DANGERFIELD,

                Plaintiff,

   v.

MS. WATERMAN, J. LABELLE, S. ANDERSON,
E. RAY, GARY BOUGHTON, N. BETHEL,
DEPUTY WARDEN WINKLESKI, T. BONSON,
MS. SUTTER, J. HILL, MS. DICKMAN,
JIM SCHWOCHERT,
JOHN DOE CASHIER UNIT SUPERVISOR,
CATHY JESS, and KELLI WILLARD WEST,

                Defendants.

OPINION & ORDER

17-cv-230-jdp

---

    Plaintiff Alphoncy Dangerfield, a prisoner at the Wisconsin Secure Program Facility, has filed a complaint alleging that prison officials failed to properly treat his symptoms of hyperglycemia and have not provided him with comfort items to relieve the pain he suffers, and that other prison officials have withdrawn funds from his accounts to pay court debts that he has already fully paid. Dangerfield was granted *in forma pauperis* status and then paid the entire $350 filing fee for litigants proceeding *in forma pauperis.*

    The next step is for the court to screen the complaint and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

My review of the complaint shows that Dangerfield is attempting to bring two different types of claims against different sets of prison officials, which violates Federal Rule of Civil Procedure 20 by joining claims together that do not belong in the same lawsuit. Defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Dangerfield brings claims that belong in two separate lawsuits:

> Lawsuit No. 1: prison officials failed to properly treat his symptoms of hyperglycemia and have not provided him with comfort items to relieve the pain he suffers.

> Lawsuit No. 2: other prison officials have withdrawn funds from his accounts to pay court debts that he has already paid off.

I will give Dangerfield a short time to respond to this order by explaining which of these two lawsuits he wishes to pursue under this case number. After he has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and will screen the claims he has chosen. If Dangerfield also wishes to proceed on the set of claims he does not choose for this lawsuit, he should inform the court of that fact, but he will then owe the court a separate filing fee for the second lawsuit.

ORDER

IT IS ORDERED that plaintiff Alphoncy Dangerfield may have until July 26, 2017, to identify for the court which claims he wishes to pursue under this case number, and whether he wishes to pursue his other set of claims in a new lawsuit.

Entered July 5, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge