IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALPHONCY DANGERFIELD,

                Plaintiff,

  v.

JOLINDA WATERMAN, JAMES LABELLE,
SONYA ANDERSON, DANIEL WINKLESKI,
TANYA BONSON, CARRIE SUTTER,
KELLI WILLARD WEST, and CYNTHIA GRIFFIN,

                Defendants.

OPINION & ORDER

17-cv-230-jdp

---

      Plaintiff Alphoncy Dangerfield, a prisoner at the Wisconsin Secure Program Facility, brings Eighth Amendment and Wisconsin negligence claims against prison officials for failing to properly treat his diabetes and hyperglycemia and provide him with comfort items to relieve the pain he suffers. Defendants have moved for partial summary judgment, alleging that Dangerfield failed to exhaust his administrative remedies for one set of claims. Defendant Kelli Willard West has filed a motion for judgment on the pleadings concerning the claim that she ignored Dangerfield's request for a yoga mat.

**A. Exhaustion**

      One of Dangerfield's claims is that defendants Bonson, Winkleski, Waterman, Sutter, and Anderson served on the Special Needs Committee that denied his request for a mattress even though they knew he suffered pain from his medical problems and other inmates did receive that accommodation. Defendants Winkleski, Waterman, Sutter, and Anderson are represented by the state Department of Justice and have filed a motion for summary judgment alleging that Dangerfield failed to exhaust his administrative remedies for this claim. Dkt. 32.

The remaining defendant for this claim, defendant Bonson, has filed her own parallel motion for summary judgment.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024. The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System (ICRS) to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310.

Because exhaustion is an affirmative defense, defendants bear the burden of establishing that Dangerfield failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, they must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendants present Dangerfield's grievance history, showing that he failed to file any grievances about the defendants' denial of his request for a mattress. Dangerfield did not

respond to either summary judgment motion. So I will grant defendants' motions and dismiss this set of claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Because this is the only claim against defendants Bonson, Winkleski, and Sutter, I will dismiss them from the case.

**B. Judgment on the pleadings**

Dangerfield brings an Eighth Amendment claim against defendant Kelli Willard West, the religious practices coordinator, for ignoring his complaint about being denied a yoga mat even though a doctor had recommended he perform yoga. Willard West has filed a motion for judgment on the pleadings, saying that, as the religious practices coordinator, she was not responsible for provision or withholding of any medical care.

The court will grant judgment on the pleadings "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The court reviews motions for judgment on the pleadings under the same standard as motions to dismiss for failure to state a claim upon which relief can be granted, although under Rule 12(c) the court considers all pleadings, not just the complaint. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "The essence of the motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of her facts are accurate, she has no legal claim." *Brown v. Pick 'N Save Food Stores*, 138 F. Supp. 2d 1133, 1136–37 (E.D. Wis. 2001) (citing *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999)).

Willard West states that the prison religious-property policy (attached to her answer) in place at the time prevented inmates who were not in the Eastern Religions group from

3

possessing yoga mats, *see* Dkt. 24-1, at 5, and so Dangerfield cannot show that Willard West acted with deliberate indifference toward him. But the existence of this policy is not enough to support a motion for judgment on the pleadings; it does not prove beyond a doubt that Dangerfield cannot state a claim for relief. In particular, I do not have to accept the policy language as true merely because it is an attachment to a pleading. *See Auto-Owners Ins. Co. v. Cover-All of Wisconsin, LLC*, No. 13-CV-748-BBC, 2014 WL 2865160, at *3 (W.D. Wis. June 24, 2014) ("Courts do not robotically assume as true the facts or statements in all the exhibits attached to a plaintiff's complaint."), citing *N. Indiana Gun & Outdoor* Shows, 163 F.3d at 455. And in any event, the claim may boil down to whether the policy was usually followed, or whether Willard West had any authority to countermand the policy or request that a medical provider countermand it. She is free to argue at summary judgment that Dangerfield's request was outside the scope of her authority, but that is an argument that will need to be developed; it cannot be proven by a mere citation to a DOC policy. Accordingly, I will deny Willard West's motion.

ORDER

IT IS ORDERED that:

1. Defendants' motions for partial summary judgment based on plaintiff Alphoncy Dangerfield's failure to exhaust his administrative remedies, Dkt. 32 and 35, are GRANTED. Plaintiff's claims about denial of a mattress are DISMISSED without prejudice.

2. Defendant Kelli Willard West's motion for judgment on the pleadings, Dkt. 25, is DENIED.

3. Defendants Bonson, Winkleski, and Sutter are DISMISSED from the case.

Entered June 26, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge